FILED

OCT 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND C. MITCHELL, AKA Lezmond Charles Mitchell,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Appellee. | No. 18-17031<br><br>D.C. Nos. 3:09-cv-08089-DGC<br>3:01-cr-01062-DGC-1<br>District of Arizona,<br>Prescott<br><br>ORDER |

Before: IKUTA, CHRISTEN, and HURWITZ, Circuit Judges.

Before an execution date had been set in this capital case, this Court granted a Certificate of Appealability, entitling Mitchell to appeal the district court's denial of his Rule 60(b) motion. Mitchell has moved to stay the execution pending the disposition of the appeal. Briefing is not yet complete on the appeal, and the Court believes that oral argument would be appropriate.

The Court therefore hereby stays the execution pending resolution of the appeal. Oral argument will be heard on December 13, 2019 at 2:00 p.m. in Phoenix, Arizona, at the Sandra Day O'Connor Courthouse, and shall be limited to 20 minutes per side.

*Mitchell v. United States*, No. 18-17031
Ikuta, Circuit Judge, dissenting

We may not grant a stay of execution pending appeal without first determining whether the defendant has a "significant possibility of success on the merits" of the appeal. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). The majority here grants Lezmond Mitchell's motion to stay the government's execution date without making this determination, even though we have adequate time to decide the merits of Mitchell's claim prior to the execution date. Therefore, I dissent.

I

Mitchell's sentence of death has been pending for sixteen years. In 2003, Lezmond Mitchell was convicted and sentenced to death under the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3598, for the murder of a 63-year-old grandmother and her nine-year-old granddaughter. Mitchell raised multiple challenges to his conviction and sentence, both on direct appeal and in a § 2255 motion,[1] but they all failed. *See United States v. Mitchell*, 502 F.3d 931, 942 (9th Cir. 2007), *cert. denied*, 553 U.S. 1094 (2008); *Mitchell v. United States*, 790 F.3d 881, 885 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 38 (2016).

[1] A prisoner serving a federal sentence may bring a motion under 28 U.S.C. § 2255 claiming that the sentence was imposed in violation of the Constitution or federal laws.

Mitchell brought this new appeal in 2018, after the Supreme Court decided *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017). *Peña-Rodriguez* held that "where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant," then the Sixth Amendment allows the trial court to "consider the evidence of the juror's statement." *Id.* at 869. Based on this holding, Mitchell brought a motion in district court under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[2] Mitchell sought to reopen his prior § 2255 motion to investigate whether jurors were influenced by bias against him because he is a member of the Navajo Nation, even though the jurors had signed a certification attesting that race played no role in their decision, and there was no evidence that any of the jurors in his case were biased against him. The district court denied this motion in a well-reasoned opinion, holding that *Peña-Rodriguez* did not grant Mitchell a procedural right to investigate potential juror bias and that Mitchell's motion did not comply with Local Rule of Civil Procedure 39.2(b), which requires meeting certain procedural requirements and showing good cause for a request to interview jurors. *Mitchell v. United States*, 2018 WL 4467897, at *3–4 (D. Ariz. Sept. 18, 2018). In April 2019, we granted a

[2]Rule 60(b)(6) provides that a court may relieve a party from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

certificate of appealability (COA) on the question whether the district court properly denied appellant's Rule 60(b)(6) motion to reopen his § 2255 motion.

On July 25, 2019, sixteen years after the death sentence was imposed, the government informed Mitchell that his execution date was set for December 11, 2019. On September 9, 2019, Mitchell filed a motion for stay of execution with our court.

II

The Supreme Court has emphasized that "a stay of execution is an equitable remedy" that "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill*, 547 U.S. at 583–84 (2006). Therefore, we may grant a stay of execution only "where the inmate seeking the stay can show a significant possibility of success on the merits." *Moormann v. Schriro*, 672 F.3d 644, 646–47 (9th Cir. 2012); *see also Hill*, 547 U.S. at 583–84 (holding that inmates seeking a stay of execution "must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits."). If the petitioner fails to show "a strong likelihood of relief on the merits" we must deny the motion for stay. *Moorman*, 672 F.3d at 649; *see also Cook v. Ryan*, 688 F.3d 598, 612–13 (9th Cir. 2012) (same).

The majority does not comply with this requirement. Instead of explaining why Mitchell has a likelihood of success on the merits of his Rule 60(b)(6) motion, the majority grants a stay of execution based on our prior grant of a COA on Mitchell's Rule 60(b)(6) motion. But a COA grant does not mean that the petitioner has shown a significant possibility of success on the merits of the claim at issue. To the contrary, at the COA stage a "court of appeals should limit its examination . . . to a threshold inquiry into the underlying merit of [the] claims," and ask "only if the District Court's decision was debatable." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); *see id.* (holding that a prisoner may successfully make "a preliminary showing that his claim was debatable" even though the prisoner "failed to make the ultimate showing that his claim is meritorious"). While Mitchell's *Peña-Rodriguez* claim may be debatable for COA purposes, it is far from obvious that it is likely to succeed on the merits. The district court has issued a persuasive opinion to the contrary. At a minimum, it is necessary for the majority to address this issue before interfering with the government's scheduled execution.

Because granting a stay requires evaluating the likelihood of success of Mitchell's appeal on the merits, it would be more efficient to decide the merits of the appeal and motion to stay simultaneously. Briefing on the Rule 60(b)(6)

motion and the stay motion will be complete on October 11, 2019, two months before the scheduled execution date. Therefore, we have sufficient time to evaluate and decide Mitchell's appeal on the merits. *Cf.* 28 U.S.C. § 2266(a) ("The adjudication of any . . . motion under section 2255 by a person under sentence of death, shall be given priority by . . . the court of appeals over all noncapital matters."). We frequently decide claims in capital cases in a matter of days. *See, e.g., Bible v. Schriro*, 651 F.3d 1060 (9th Cir. 2011); *Rhoades v. Reinke*, 671 F.3d 856 (9th Cir. 2011). We should do so here. If we conclude that the district court abused its discretion in denying Mitchell's Rule 60(b)(6) motion, we can grant the motion to stay at that time.

Accordingly, I dissent.