CA No. 18-17031

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEZMOND CHARLES MITCHELL,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

DC No. 3:09-cv-08089-DGC
(Criminal No. 3:01-cr-01062-DGC)

**DEATH PENALTY CASE**

# PETITIONER-APPELLANT'S MOTION TO STAY THE MANDATE

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge

CUAUHTEMOC ORTEGA
Interim Federal Public Defender
JONATHAN C. AMINOFF
Jonathan_Aminoff@fd.org
CELESTE BACCHI
Celeste_Bacchi@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Tel: (213) 894-5374; Fax: (213) 894-0310
Attorneys for Petitioner-Appellant
LEZMOND CHARLES MITCHELL

## MOTION TO STAY THE MANDATE

Pursuant to Rule 41(d)(1), Federal Rules of Appellate Procedure, and Circuit Rule 41, Petitioner-Appellant Lezmond Mitchell, through counsel, respectfully moves the Court for a stay of the mandate pending the filing and disposition of his petition for a writ of certiorari in the Supreme Court of the United States. Mitchell gave notice of this motion to counsel for Respondent-Appellee on July 8, 2020, who informed undersigned counsel that Respondent-Appellee is opposed to this request. *See* accompanying Declaration of Jonathan Aminoff. This motion is supported by the following facts and law.

On July 8, 2020, the Court denied Mitchell's petition for rehearing en banc. D.E. 39. This denial followed the Court's affirmance of the District Court of Arizona's denial of Mitchell's motion for relief from judgment under Fed. R. Civ. Pro. 60(b)(6). *Mitchell v. United States ("Mitchell III")*, 958 F.3d 775 (9th Cir. 2020). Unless stayed, the mandate is due to issue on July 15, 2020. Fed. R. App. P. 41(b).

Circuit Rule 41-1 provides that a motion to stay the mandate may be denied "if the Court determines that the petition for certiorari would be frivolous or filed merely for delay." This provision does not support the denial of Mitchell's motion. For the reasons set forth in detail in Mitchell's opening and reply briefs and in his petition for rehearing (D.E. 13, 28, 38) the questions raised by this case are

substantial ones, and thus a certiorari petition cannot reasonably be characterized as frivolous or for purposes of delay. In particular, Mitchell's claims regarding the impact of *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017) and the application of the "extraordinary circumstances" doctrine of *Gonzalez v. Crosby*, 545 U.S. 524 (2005) are potentially meritorious and not frivolous. Indeed, Mitchell's view of *Peña-Rodriguez*'s impact is supported by at least three Supreme Court Justices, indicating that a petition for writ of certiorari is certainly not frivolous. *Peña-Rodriguez*, 137 S. Ct. at 874-886 (Alito, J., dissenting, joined by Roberts, C.J., and Thomas, J.) Further, the *Mitchell III* decision creates a circuit split with the Fifth Circuit concerning the permissible uses of Rule 60(b)(6) motions in the 2255 context. *Mitchell*, 958 F.3d at 785-86. A conflict between two United States courts of appeal is a compelling reason to grant a petition for writ of certiorari. Supreme Court Rule 10(a).

The petition for certiorari is due by December 5, 2020, 150 days after this Court's denial of rehearing on July 8, 2020. Supreme Court Rules 13.1, 13.3, and Order of March 19, 2020, Order List 589.[1] The petition will be filed within that time or, if an extension becomes necessary and is sought and obtained from the Supreme Court, then it will be filed on or before the due date specified in the order

[1] Available at: https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf

granting the extension of time. Counsel further requests that, upon the timely filing of a petition for writ of certiorari, the stay of issuance of the mandate remain in effect until final disposition of the petition by the United States Supreme Court, as provided by Federal Rule of Appellate Procedure 41(d)(2)(B).

For these reasons, Mitchell requests that the Court stay the issuance of the mandate pending the final disposition of this matter in the Supreme Court.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: July 8, 2020

By *_/s/ Jonathan C. Aminoff_*
JONATHAN C. AMINOFF
CELESTE BACCHI
Deputy Federal Public Defenders

Attorney for Petitioner-Appellant
LEZMOND CHARLES MITCHELL

**DECLARATION OF JONATHAN AMINOFF**

I, Jonathan Aminoff, declare:

1. I am an attorney licensed to practice law in the State of California and I am admitted to practice in this Court. I am a Deputy Federal Public Defender with the Office of the Federal Public Defender for the Central District of California. Celeste Bacchi and I represent Petitioner-Appellant Lezmond Mitchell in this appeal. I make this declaration in support of Mitchell's motion to stay the mandate pending the filing and resolution of a petition for a writ of certiorari in the United States Supreme Court. Mitchell intends to file a petition for certiorari to review this Court's judgment affirming the denial of his Rule 60(b) motion.

2. On July 8, 2020, I sent an email to counsel for Respondent-Appellee, William Voit, giving him notice of this motion. Mr. Voit responded via email that Respondent-Appellee opposes the motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2020, at Los Angeles, California.

*/s/ Jonathan Aminoff*
JONATHAN AMINOFF