**U.S. Department of Justice**

**MICHAEL BAILEY**
United States Attorney
District of Arizona

Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004-4408

Main: (602) 514-7500
Main Fax: (602) 514-7693

July 14, 2020

**FILED VIA ECF**

Molly Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

**Re:** ***Lezmond Charles Mitchell v. United States of America,*** No. 18-17031
D. Ct. Nos. 3:09-cv-08089-DGC, 3:01-cr-01062-DGC
Opinion Issued April 30, 2020
Panel: Sandra S. Ikuta, Morgan B. Christen, and Andrew D. Hurwitz, JJ.
FRAP 28(j) Citation of Supplemental Authorities

Dear Ms. Dwyer,

Pursuant to FRAP 28(j), the United States wishes to advise the Court of an additional citation relevant to the argument made by Petitioner on pages 2-3 of his Reply in Support of Motion to Stay the Mandate. (Dkt. No. 42.)

On those pages, Petitioner claims that "[t]he approach Mitchell advances has been adopted by federal courts" and cites as support Dkt. 135, *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-MC-145 (D.D.C.). In that docket entry, on July 13, 2020, a judge on the U.S. District Court for the District of Columbia entered a preliminary injunction of the executions of four inmates scheduled for execution.

This morning, the Supreme Court vacated that injunction. *Barr v. Lee*, No. 20A8, 2020 WL 3964985, at *1 (U.S. July 14, 2020) (per curiam). The Supreme Court held that "[v]acatur of that injunction is appropriate because, among other reasons, the plaintiffs have not established that they are likely to succeed on the merits" of their claim. *Id.* at *1. The Supreme Court emphasized, quoting its similar admonition just last year, that courts have a "responsibility" to ensure that such "'challenges to lawfully issued sentences are resolved fairly and expeditiously,' so that 'the question of capital

punishment' can remain with 'the people and their representatives, not the courts, to resolve.'" *Id.* at *2 (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019)).

The Supreme Court's vacatur order underscores the principle that an injunction of an execution should not be maintained absent a likelihood of future success on the merits, and courts must ensure capital litigation ends both fairly and expeditiously.

I respectfully request that you distribute a copy of this letter to the members of the Court considering the pending Motion to Stay the Mandate.

Respectfully,

MICHAEL BAILEY
United States Attorney
District of Arizona

KRISSA M. LANHAM
Appellate Chief

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant United States Attorney

**CERTIFICATE OF COMPLIANCE**

Pursuant to FRAP 28(j) and Circuit Rule 28-6, I hereby certify that the body of the foregoing letter does not exceed 350 words.

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Tammie R. Holm*
Tammie R. Holm
U.S. Attorney's Office