**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0310 FAX

**CUAUHTEMOC ORTEGA**
*Interim Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*

**MARGO A. ROCCONI**
*Capital Habeas Unit Chief*

Direct Dial: (213) 894-5374

July 14, 2020

Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Lezmond Charles Mitchell v. United States of America*,
Ninth Circuit Case No. 18-17031

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j) and Ninth Circuit Rule 28-6, Appellant Mitchell submits this letter regarding *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (U.S. July 14, 2020) (per curiam). Contrary to the Government's letter (DE 43), *Lee* does not support denying Mitchell's motion to stay the mandate (DE 40).

In *Lee*, the Supreme Court vacated a preliminary injunction issued on an Eighth Amendment claim in a method-of-execution suit. In so doing, the Court focused on three issues: (1) a preliminary injunction requires a showing that the moving party is likely to succeed on the merits (*Lee*, at *1); (2) success on the merits of an Eighth Amendment claim is exceptionally difficult (*id.*); and (3) because the stay at issue was considered a "last-minute intervention" it should only be upheld in the "extreme exception" (*id.* at *2 (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019))).

None of those factors apply here. Indeed, the heavily-modified quote on pages 1-2 of the Government's letter (DE 43) was meant to speak to method-of-execution challenges, which are not at issue here. *See Lee*, at *2 (quoting *Bucklew*, 139 S. Ct. at 1134) ("It is our responsibility 'to ensure that *method-of-execution challenges* to lawfully issued sentences are resolved fairly and expeditiously…'" (emphasis added)). As Mitchell has explained (DE 42 at 4-10), the Government conflates the applicable standard for stays of executions with motions to stay the mandate. The only issue before the Court is whether to grant Mitchell a stay of the mandate such that this appeal may continue to proceed in the ordinary course. If *Lee* has any relevance to the present proceedings, it should serve as a warning that last-minute appeals can lead to chaos, and the courts should not make exceptions to its rules to serve arbitrarily created Government deadlines.

If you are inclined to grant the Government's request to distribute a copy of their letter (DE 43) to the panel considering Mitchell's pending motion to stay the mandate, I respectfully request that you similarly distribute a copy of this letter.

Respectfully,

*/s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
Deputy Federal Public Defender

Attorney for Appellant
LEZMOND MITCHELL

JCA/ih

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. 32(a)(7)(C) and Circuit Rule 28-6, I certify that this 28(j) letter is proportionally spaced, has a typeface of 14 points or more, and contains 344 words.

DATED: July 14, 2020

*/s/ Jonathan C. Aminoff*___
JONATHAN C. AMINOFF