CA No. 18-17031

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEZMOND CHARLES MITCHELL,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

DC No. 3:09-cv-08089-DGC

**DEATH PENALTY CASE**

# PETITIONER-APPELLANT'S PETITION FOR REHEARING/REHEARING EN BANC

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge

CUAUHTEMOC ORTEGA
Interim Federal Public Defender
JONATHAN C. AMINOFF
CELESTE BACCHI
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310
Email: jonathan_aminoff@fd.org
Attorneys for Petitioner-Appellant
LEZMOND CHARLES MITCHELL

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................................................1

II. BACKGROUND ........................................................................................2

III. REASONS FOR GRANTING THE PETITION ..........................................4

A. En Banc review is necessary to maintain uniformity and clarity of Ninth Circuit jurisprudence on stays of the mandate in capital cases.......................................................................................................4

1. The Panel split with the Circuit in denying a stay of the mandate pending certiorari in this capital case. ..........................4

2. The parties expressed substantial disagreement over the standard applicable to stays of the mandate...............................6

B. En Banc review is necessary because this case presents a question of exceptional importance: did the Panel correctly decide whether to stay the mandate in this federal death penalty case?........................9

1. Mitchell's petition for writ of certiorari presents a substantial question. ....................................................................9

2. Mitchell has established good cause for a stay. .......................11

3. The request to stay the mandate is not for purposes of delay...13

IV. CONCLUSION.........................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Al-Marbu v. Mukasey*,
525 F.3d 497 (7th Cir. 2008) ....................................................................8

*Barefoot v. Estelle*,
463 U.S. 880 (1983)....................................................................................13

*Barr v. Lee*,
2020 WL 3964985 (U.S. July 14, 2020)......................................................12

*Beaty v. Brewer*,
649 F.3d 1071 (9th Cir. 2011) ....................................................................3

*Bell v. Thompson*,
545 U.S. 794 (2005)....................................................................................12

*Calderon v. Thompson*,
523 U.S. 538 (1998)....................................................................................12

*Campbell v. Wood*,
20 F.3d 1050 (9th Cir. 1994) ..................................................................8, 11

*United States ex. rel. Chandler v. Cook County*,
282 F.3d 448 (7th Cir. 2002) ......................................................................11

*Harris v. Vasquez*,
1991 U.S. App. LEXIS 33729 (9th Cir. 1991)..............................................5

*John Doe I v. Miller*,
418 F.3d 950 (8th Cir. 2005) ......................................................................8

*Mitchell v. United States*,
958 F.3d 775 (9th Cir. 2020) ..................................................................4, 5

*Nara v. Frank*,
494 F.3d 1132 (3d Cir. 2007) ................................................................8, 11

*Peña-Rodriguez v. Colorado*,
137 S. Ct. 855 (2017)..................................................................2, 9, 10, 12

## TABLE OF AUTHORITIES

**Page(s)**

*Ryan v. Schad*,
570 U.S. 521 (2013)........................................................................12

*Times-Picayune Publ'g Corp. v. Schulingkamp*,
419 U.S. 1301 (1974)........................................................................6

*United States v. Silver*,
954 F.3d 455 (2d Cir. 2020) .........................................................7, 8

*White v. Florida*,
458 U.S. 1301 (1982)..............................................................1, 6, 7, 8

**Docketed Cases**

*Benson v. Chappell*,
Ninth Circuit Case No 13-99004 ....................................................1, 4

*Berryman v. Wong*,
Ninth Circuit Case No. 10-99004 ...................................................1, 4

*Kirkpatrick v. Chappell*,
Ninth Circuit Case No. 14-99001 ...................................................1, 5

*Smith v. Baker*,
Ninth Circuit Case No. 14-99003 ...................................................1, 4

*Staten v. Davis*,
Ninth Circuit Case No. 17-99008 ...................................................1, 4

## TABLE OF AUTHORITIES

**Page(s)**

**Statutes and Rules**

28 U.S.C. § 2255 .......... 2, 5

28 C.F.R. § 26.3(a)(1) .......... 6

Ariz. R. Crim. P. 31.23(C) .......... 6

District of Arizona Local Civil Rule 39.2(b) .......... 2, 10

Federal Rule of Appellate Procedure 35 .......... 2

Federal Rule of Appellate Procedure 41 .......... *passim*

## I. INTRODUCTION

While stays of the mandate are not automatic, this Circuit has routinely (and often *sua sponte*) granted stays of the mandate in capital cases. In this federal capital case in which Lezmond Mitchell potentially faces execution next month,[1] Mitchell moved the Panel to stay the mandate pending a petition for certiorari based on the standards set forth in Federal Rule of Appellate Procedure 41 and Ninth Circuit Rule 41-1. In its opposition, the Government, relying on a standard articulated in *White v. Florida*, 458 U.S. 1301 (1982), argued that Mitchell had not satisfied his burden. In an unexplained 2-1 order, the Panel denied Mitchell's motion without clarifying which standard was correct.

The Panel's decision creates ambiguity that needs to be resolved for future cases, and conflicts with several decisions of this Court and with this Court's general practice. *See e.g. Staten v. Davis*, Ninth Circuit Case No. 17-99008, D.E. 39 (6/18/2020) (*sua sponte* granting stay of the mandate following entry of the panel opinion); *Smith v. Baker*, Ninth Circuit Case No. 14-99003, D.E. 81 (5/21/2020) (same); *Benson v. Chappell*, Ninth Circuit Case No. 13-99004, D.E. 73 (5/04/2020) (same); *Berryman v. Wong*, Ninth Circuit Case No. 10-99004, D.E.

[1] In its opposition to Mitchell's motion to stay the mandate, the Government stated that it would not carry out Mitchell's execution until August 24, 2020. Docket Entry ("D.E.") 41 at 12.

350 (3/27/2020) (same); *Kirkpatrick v. Chappell*, Ninth Circuit Case No. 14-99001, D.E. 149 (6/13/2019) (same). Consideration by the full Court is now necessary to maintain uniformity of the Court's decisions and clarify the appropriate standard applied to motions for stays of the mandate. FRAP 35(b)(1)(A).

Further, should Mitchell's execution go forward, he will be the first person executed by the federal government based on a judgment from this Circuit. This case presents the exceptionally important question: Did the Panel correctly decide whether to stay the mandate in this federal death penalty case? FRAP 35(b)(1)(B).

## II. BACKGROUND

In 2009, when preparing his 28 U.S.C. section 2255 motion challenging his convictions and death sentence, Mitchell moved the District Court of Arizona for post-verdict juror interviews to investigate racial bias amongst his trial jurors. D.E. 14-2 at 155-173. The district court denied the motion based on a local rule that prohibits[2] such interviews. D.E. 21 at 11-20. On March 5, 2018, Mitchell moved the district court to reopen his section 2255 proceedings in light of *Peña-Rodriguez*

[2] Due to the strict time limitations of D. AZ LR CV 39.2(b), post-conviction counsel is never permitted to interview trial jurors. Even if that time limitation were disregarded, counsel is required to establish good cause for the interviews. Only one other district court in this Circuit has such a restrictive rule. D.E. 13 at 32.

*v. Colorado*, 137 S. Ct. 855 (2017), which created a constitutional exception to evidentiary rules barring post-verdict juror testimony if that testimony concerned racial bias. D.E. 14-2 at 104-117. Mitchell argued that Arizona's local rule must give way to a petitioner's right to investigate evidence that the Court had just held he was constitutionally entitled to present. The district court denied Mitchell's motion (D.E. 14-2 at 1-8), and Mitchell appealed to this Court on October 17, 2018 (D.E. at 14-2 at 77-80).

On April 24, 2019, this Court granted Mitchell's motion for a certificate of appealability, and set a briefing schedule: Mitchell was to file his opening brief on August 28, 2019; the Government was to file its answering brief on September 27, 2019, and Mitchell was to file his reply on October 11, 2019. D.E. 10. On July 25, 2019—without any advance warning that the Government intended to resume federal executions after a 16-year hiatus—the Government announced that it intended to execute Mitchell on December 11, 2019. The Court stayed Mitchell's execution (D.E. 26), impliedly finding that Mitchell had established: (1) a likelihood of success on the merits; (2) he would suffer irreparable harm without a stay; (3) that the balance of hardships tips in Mitchell's favor; and (4) that a stay would be in the public interest. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7 (2008)). The

appeal continued in the ordinary course with oral argument scheduled on December 13, 2019.

On April 30, 2020, the panel issued its decision in *Mitchell v. United States*, 958 F.3d 775 (9th Cir. 2020) ("*Mitchell III*"). Mitchell timely filed a petition for rehearing on June 15, 2020 (D.E. 38), which was denied on July 8, 2020. Later that day, Mitchell moved to stay the mandate such that he could petition the Supreme Court for further review. D.E. 40. The Government filed an opposition on July 9, 2020 (D.E. 41); Mitchell filed a reply on July 13, 2020 (D.E. 42). On July 15, 2020, in a split decision, the panel denied Mitchell's motion to stay the mandate. D.E. 45. Absent further order, the mandate will issue on July 22, 2020. FRAP 41(b).

## III. REASONS FOR GRANTING THE PETITION

### A. En Banc review is necessary to maintain uniformity and clarity of Ninth Circuit jurisprudence on stays of the mandate in capital cases.

#### 1. The Panel split with the Circuit in denying a stay of the mandate pending certiorari in this capital case.

In the vast majority of capital cases considered by this Court, the mandate is routinely stayed pending a petition for certiorari. In fact, this Court *sua sponte* granted a stay of the mandate in its last five capital decisions; the orders were entered immediately after the panel issued the opinion denying habeas relief, and before the petitioner had filed a petition for rehearing. *See Staten v. Davis*, No. 17-

99008, D.E. 39 (6/18/2020); *Smith v. Baker*, No 14-99003, D.E. 81 (5/21/2020); *Benson v. Chappell*, No 13-99004, D.E. 73 (5/04/2020); *Berryman v. Wong*, Case No. 10-99004, D.E. 350 (3/27/2020); *Kirkpatrick v. Chappell*, 14-99001, D.E. 149 (6/13/2019). These were all convictions and death sentences arising from state convictions in which the petitioner enjoyed the deliberative process of the state courts before reaching federal court. While Mitchell's appeal arose from Rule 60(b) litigation (and the cases noted above were first-in-time section 2254 petitions), the Panel expressly rejected the Government's argument that Mitchell's Rule 60(b) motion was a second or successive section 2255 motion. *Mitchell III*, 958 F.3d at 784-86. Because Mitchell's motion relates only to a procedural deficiency in his initial section 2255 proceedings, there is no reasoned basis for treating the present litigation any differently than a first-in-time section 2254 proceeding. Furthermore, several of these *sua sponte* stays were granted to death-sentenced inmates from California, where the death penalty has been subject to a moratorium since March, 2019. If the Court found good cause to extend stays of the mandates to those petitioners, Mitchell must certainly meet whatever standard is being applied.[3]

[3] This Court has also granted requests to stay the mandate pending certiorari in appeals arising from second and third habeas corpus petitions. *See, e.g., Harris v. Vasquez*, 1991 U.S. App. LEXIS 33729 (9th Cir. 1991).

A stay of the mandate is especially important in federal death penalty cases. Unlike states which require an execution warrant signed by a judge and reviewed by the state court, the federal execution protocol involves no judicial review and allows the director of the bureau of prisons to designate an execution date. *Compare* Ariz. R. Crim. P. 31.23(C) *with* 28 C.F.R. § 26.3(a)(1). This is especially significant where, as here, the Department of Justice has already prematurely set an execution date (D.E. 18) that required this Court to intervene in order to protect Mitchell's appellate rights (D.E. 26).

**2. The parties expressed substantial disagreement over the standard applicable to stays of the mandate.**

Mitchell maintains that the standard a movant must meet in order for a mandate to be stayed is well-established in this Circuit. Federal Rule of Appellate Procedure 41(d)(1) states that a motion to stay a mandate pending a petition for writ of certiorari must show that the petition would present a "substantial question" and that there is "good cause for a stay." Circuit Rule 41-1 specifies that a motion to stay the mandate will not be granted as a matter of course, but will be denied if the Court determines that the petition for certiorari would be frivolous or filed merely for delay.

The Government also maintains that the standard applicable to stays of the mandate are well established. D.E. 41. Rather than focus on Rule 41 or Circuit Rule 41-1, however, the Government relies on *White v. Florida*, 458 U.S. 1301

(1982) and *Times-Picayune Publ'g Corp. v. Schulingkamp*, 419 U.S. 1301 (1974) to argue that the applicable standard is that the moving party must show: (1) there is a reasonable probability that four members of the Court would grant the certiorari petition; (2) there is a significant possibility of reversal of the lower court's decisions; and (3) irreparable harm will result if that decision is not stayed. D.E. 41 at 2.

It should be noted that both *White* and *Times-Picayune* were not requests to stay circuit court decisions under Rule 41, but rather were requests to stay state court decisions. Moreover, both of these decisions were issued by a single Supreme Court justice, not a majority of the Court. This would be a bizarre standard for a circuit court to apply for two reasons. First, in order for a stay to be granted, a panel would need to find a significant possibility that the decision it had just reached in the case would be reversed. If a panel believed that likelihood existed, it's doubtful it would have reached that decision in the first place. And second, while it makes sense for a Justice of the Court to consider the possibility of four of her colleagues voting to grant a petition for certiorari, it would be pure speculation for a circuit court to engage in the same analysis.

Yet despite the seeming inapplicability of this standard, the Government cites to several out-of-circuit decisions purportedly adopting this approach. D.E. 41 at 2. The first, *United States v. Silver*, 954 F.3d 455, 457-38 (2d Cir. 2020),

actually applies a modified version of the Rule 41 standard whereby the circuit court considers whether the moving party presents a substantial question, as judged by whether there is a reasonable probability that certiorari will be granted, and if there is good cause for a stay. *Id*. at 458-60. The second, *Nara v. Frank*, 494 F.3d 1132 (3d Cir. 2007), applies the *White* standard and reserves mandates stays for exceptional[4] cases. The third and fourth, *Al-Marbu v. Mukasey*, 525 F.3d 497 (7th Cir. 2008) and *John Doe I v. Miller*, 418 F.3d 950 (8th Cir. 2005), also apply the *White* standard. Yet this Circuit, to Mitchell's knowledge, has never applied the *White* standard.

Despite the fact that the Panel was divided on the appropriate outcome, the Panel's Order (D.E. 45) is unexplained and therefore it is unclear whether the Panel applied Rule 41 or the *White* standard. In addition, Mitchell is unaware of any Ninth Circuit caselaw that clarifies the good cause standard in the context of Rule 41. In the face of such ambiguity, and the differing approaches of the other circuits, the Court should take this opportunity to clarify the law in this area.

---

[4] This Court has rejected the exceptional case standard. *See, e.g.*, *Campbell v. Wood*, 20 F.3d 1050, 1051 (9th Cir. 1994) (Poole, J., dissenting).

### B. En Banc review is necessary because this case presents a question of exceptional importance: did the Panel correctly decide whether to stay the mandate in this federal death penalty case?

This is a case of exceptional importance. Should this federal execution go forward, Mitchell would be the first person executed based on a judgment from the Ninth Circuit. Given that Mitchell presents a substantial question and good cause, the mandate should be stayed like all other capital cases in this Circuit.

#### 1. Mitchell's petition for writ of certiorari presents a substantial question.

It is Mitchell's burden at this stage to establish that his yet-to-be filed petition for writ of certiorari presents a substantial question. Mitchell's petition will address, in part, whether a local rule can validly bar a post-verdict investigation into racial bias amongst jurors. In *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), the Supreme Court held that evidentiary rules could not constitutionally bar a juror's post-verdict testimony about racial bias that infected the deliberations. When considering the implications of its decision, the Court stated that "[t]he practical mechanics of acquiring and presenting such evidence will no doubt be shaped and guided by state rules of professional ethics and local court rules, both of which often limit counsel's post-trial contact with jurors." *Id.* at 859-60. However, in dissent, Justice Alito noted that "it is doubtful that there are principled grounds for preventing the expansion" of *Peña-Rodriguez,* and noted that "[m]any jurisdictions now have rules that prohibit or restrict post-verdict

contact with jurors, but whether those rules will survive today's decision is an open question[.]" *Id*. at 874 (Alito, J., dissenting, joined by Roberts, C.J., and Thomas, J.).

Mitchell was tried in the District of Arizona where the local rules prevent all post-verdict contact with jurors absent court approval. Unlike the type of rule that the Supreme Court describes as "practical mechanics" limiting counsel's contact with jurors, Arizona's rule amounts to a total prohibition. *Compare id*. at 870 (citing rules from Colorado, Florida, Massachusetts, and New Jersey which inform jurors that they have the choice of whether to speak with counsel post-verdict, but place no burden on counsel other than respecting the juror's decision) *with* D. AZ LR Civ. 39.2(b) (requiring that counsel establish good cause prior to speaking with jurors and requiring pre-approval for any questions to be asked). Mitchell's case would afford the Court an opportunity to answer the question left open by *Peña-Rodriguez.*

Moreover, this Court previously found that Mitchell's claim showed a likelihood of success on the merits by staying his execution through these appellate proceedings. D.E. 18. And at least one Judge on the panel necessarily found that Mitchell's certiorari petition presented a substantial question by voting to grant the stay. D.E. 45 ("Judge Hurwitz voted to grant the motion."). Accordingly, Mitchell has met his burden.

**2. Mitchell has established good cause for a stay.**

Mitchell must also establish that he has good cause to request a stay of the mandate while he seeks review in the Supreme Court. In the ordinary course, a petitioner would have 90 days to prepare and file a petition for writ of certiorari. Supreme Court Rules 13.1, 13.3. In recognition of the major pandemic presently ravaging the United States, the Court has extended the 90-day period to 150 days. Order of March 19, 2020, Order List 589.[5] That pandemic, itself, should be sufficient to satisfy the good cause standard. Yet the Government proposes to give Mitchell a period of only 32 days from the date the mandate is scheduled to issue until his execution date to conclude pursuing his remedies.

Mitchell is unaware of any Ninth Circuit decision that clarifies the good cause standard in this context. However, other circuit courts have equated the good cause standard with a showing of irreparable injury. *See, e.g., Nara*, 494 F.3d 1132; *United States ex. rel. Chandler v. Cook County*, 282 F.3d 448 (7th Cir. 2002). Mitchell's showing of irreparable injury is strong: the Government has stated that it intends to execute him as soon as August 24, 2020.[6] *See Campbell*,

---

[5] Available at: https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf

[6] On October 4, 2019, the Panel granted Mitchell's motion for stay of execution impliedly concluding that Mitchell had established irreparable harm. It's difficult to understand how Mitchell could have established irreparable harm in

20 F.3d at 1051 (Reinhardt, J., dissenting ("Can there really be any question that we have an obligation to issue a stay when the decision to be implemented will result in the defendant's [execution]?"). If the Court does not grant Mitchell's request to stay the mandate, then Mitchell will be unable to pursue Supreme Court review in the ordinary course.

Although it might be possible to seek an abbreviated review process in the Supreme Court, there is no reason Mitchell should be deprived of the period of time to which every other petitioner meeting the Rule 41 standard is entitled. This is not a method-of-execution challenge of the sort the Supreme Court has held should receive expedited review. *See, e.g.*, *Barr v. Lee*, 2020 WL 3964985 *2 (U.S. July 14, 2020). And this is not a request for a post-certiorari denial of a stay of the mandate of the sort rejected in *Calderon v. Thompson*, 523 U.S. 538 (1998); *Ryan v. Schad*, 570 U.S. 521 (2013) (per curiam); and *Bell v. Thompson*, 545 U.S. 794 (2005).

The full period of time is important because it allows for meaningful deliberation and an opportunity to engage potential amici to fully present the case. For example, counsel for *Peña-Rodriguez* took approximately 150 days to file their

---

October 2019 in advance of a December execution date, but not equally established irreparable harm in July 2020 in advance of a potential August execution date.

petition, which was followed by six amicus briefs. *Peña-Rodriguez v. Colorado*, No. 15-606.[7] Mitchell would seek similar support, and there is no basis to deny Mitchell this same process.

**3. The request to stay the mandate is not for purposes of delay.**

As discussed supra, Mitchell seeks only to pursue his capital litigation according to the same standards and time frames afforded nearly every other capital litigant in his posture. Mitchell filed his Rule 60(b) motion long before he was given an execution date; indeed, the federal government didn't even have a functioning lethal injection protocol at that time.[8] In a universe where Mitchell had never been issued a warrant, it is exceedingly likely that this Court would have granted a stay of the mandate and allowed Mitchell to petition for certiorari just as it has done in so many other capital cases. Yet the Department of Justice arbitrarily scheduled Mitchell for execution while he had active litigation pending, contrary to Supreme Court jurisprudence cautioning against such a practice. *See Barefoot v. Estelle*, 463 U.S. 880, 888 (1983) (a "sentence of death cannot begin to

---

[7] Docket available at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/15-606.html

[8] Mitchell's notice of appeal was filed nine months *before* the Government scheduled an execution date for Mitchell at a time when federal executions had been dormant for approximately 15 years. D.E. 14-2 at 77-80.

be carried out by the State while substantial legal issues remain outstanding.") This Court recognized the impropriety of that choice by granting Mitchell a stay of execution to allow his substantive claims to be heard. The Government could have appealed this Court's decision on the grounds that Mitchell's appeal was frivolous, without good cause, or an attempt at delay, but it did not. Thus, if concerns about delay are what led the Panel to deny the request for a stay, such concerns are misguided, contrary to this Circuit's jurisprudence, and not supported by the facts of this case.

## IV. CONCLUSION

For the above stated reasons, the Panel should vacate its prior Order and grant Mitchell's motion to stay the mandate.

Alternatively, the Court should grant Mitchell's Petition for Rehearing En Banc and grant Mitchell's motion to stay the mandate.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: July 20, 2020

By *<u>/s/ Jonathan C. Aminoff</u>*
JONATHAN C. AMINOFF
Deputy Federal Public Defender

Attorney for Petitioner-Appellant
Lezmond Charles Mitchell

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing or Answers

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 18-17031

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer to petition is (*select one*):

○ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: ______.

*(Petitions and answers must not exceed 4,200 words)*

**OR**

◉ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** /s/ Jonathan C. Aminoff **Date** Jul 20, 2020

*(use* "s/[typed name]" *to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

FILED

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND C. MITCHELL, AKA Lezmond Charles Mitchell,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Appellee. | No. 18-17031<br><br>D.C. Nos. 3:09-cv-08089-DGC<br>3:01-cr-01062-DGC-1<br>District of Arizona,<br>Prescott<br><br>ORDER |

Before: IKUTA, CHRISTEN, and HURWITZ, Circuit Judges.

A majority of the panel has voted to DENY appellant's Motion to Stay the Mandate (Dkt. 40). Judge Hurwitz voted to grant the motion.