CA No. 18-17031

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEZMOND CHARLES MITCHELL,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

DC No. 3:09-cv-08089-DGC

**DEATH PENALTY CASE**

**Emergency Motion Under Circuit Rule 27-3(b)**

**Execution Set For: August 26, 2020 at Time: To Be Determined.**

# APPELLANT'S MOTION TO ENFORCE STAY OF EXECUTION AND TO STRIKE THE AUGUST 26, 2020 EXECUTION DATE

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge

CUAUHTEMOC ORTEGA
Interim Federal Public Defender
JONATHAN C. AMINOFF
CELESTE BACCHI
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310
Email: jonathan_aminoff@fd.org
Attorneys for Petitioner-Appellant
LEZMOND CHARLES MITCHELL

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

CIRCUIT RULE 27-3 CERTIFICATE ...............................................................3

PROCEDURAL HISTORY.......................................................................5

ARGUMENT ......................................................................................6

A. The Government's action in setting an execution date violates this Court's prior order enjoining Mitchell's execution. ..............................6

B. The Court should clarify that its prior order prohibits setting an execution date until this appeal is fully resolved. .................................7

C. Mitchell will suffer prejudice if the Court does not grant this motion.........................................................................................8

CONCLUSION....................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*A&M Records, Inc. v. Napster, Inc.*,
284 F.3d 1091 (9th Cir. 2002) ....................................................................7

*Mitchell v. United States*,
958 F.3d 775 (9th Cir. 2020) ...............................................................5, 10

*System Federation No. 91 v. Wright*,
364 U.S. 642 (1961)...................................................................................7

*United States v. United Shoe Mach. Corp.*,
391 U.S. 244 (1968)...................................................................................7

### Docketed Cases

*Barr v. Lee*,
No. 20A8 (U.S. July 14, 2020) ....................................................................9

*United States v. Lee*,
Eighth Circuit Case No. 19-3618..................................................................8

## INTRODUCTION

Mitchell brings this motion to enforce the Court's stay of execution and strike the Government's premature execution warrant because the mandate in this case has not issued. On April 24, 2019, this Court granted Mitchell's request for a certificate of appealability and set a briefing schedule. Before Mitchell could file his opening brief, however, the Government set a date for Mitchell's execution. Mitchell sought relief from this Court, and the Court granted Mitchell's motion staying his "execution pending resolution of the appeal." D.E. 26. On July 29, 2020, the Government rescheduled Mitchell's execution for August 26, 2020. But Mitchell's second petition for rehearing/rehearing en banc is currently pending before the Court and therefore this appeal is not yet complete. Accordingly, the Government's latest attempt to control the Court's docket violates this Court's prior Order, and Mitchell respectfully requests that the Court order that no execution date be scheduled for Mitchell until the Court issues its mandate.

If Mitchell's currently pending petition for rehearing/rehearing en banc is denied after the minimum 21-day period, and the mandate issues seven days later, the Court's mandate in this case will issue on August 17, 2020. Pursuant to the Code of Federal Regulations, Mitchell is entitled to at least 20 days' notice of his execution date. The Government announced on July 29, 2020 that it intends to execute Mitchell on August 26, thus providing 28 days' notice. A minimum of 19

of those 28 days will overlap with the stay of execution in this case. Mitchell is bringing this motion as an emergency motion because without swift action from the Court, Mitchell will lose the benefit of a significant portion of the notice period.

This is critical for four reasons. First, according to the rules governing clemency petitions, Mitchell's clemency petition will not be considered until this case is resolved. This will leave the Office of the Pardon Attorney with just nine days to consider Mitchell's application for clemency. Second, because the Arizona district court has taken the position that it does not have jurisdiction over Mitchell's section 2255 proceedings while this appeal is pending, Mitchell will have just nine days to bring any additional challenges related to his section 2255 proceedings. Third, to the extent Mitchell wishes to raise the issues in his second petition for rehearing/rehearing en banc in a petition for writ of certiorari, he will only have nine days to do so. And finally, the recent federal executions of Daniel Lee and Wesley Purkey demonstrate that disorderly late-stage litigation proceedings lead to chaotic executions. This Court should therefore enforce its prior stay of execution and strike the government's premature execution warrant.

## CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3(c)(i), the attorneys for the parties are:

**Counsel for Petitioner Lezmond Mitchell**

Jonathan C. Aminoff
Celeste Bacchi
Deputy Federal Public Defenders
Office of the Federal Public Defender
321 East Second Street
Los Angeles, CA 90012
jonathan_aminoff@fd.org
celeste_bacchi@fd.org
213-894-5374

**Counsel for Respondent, United States of America**

William G. Voit
Assistant United States Attorney
Office of the United States Attorney
Two Renaissance Square, Suite 1200
40 N. Central Avenue
Phoenix, AZ 85004
william.voit@usdoj.gov
602-514-7500

**Counsel for the Bureau of Prisons**

Katherine Siereveld
Senior Attorney
FCC Terre Haute
4200 Bureau Road North,
Terre Haute, IN 47802
ksiereveld@bop.gov
812-238-3476

On July 29, 2020, T.J. Watson, Warden of the United States Penitentiary at Terre Haute, informed Mitchell via letter that his execution date was set for August 26, 2020. D.E. 47 at 5. Absent further action of this Court, Mitchell will be executed in 27 days without the ability to thoroughly litigate his case, as discussed more fully below. Circuit Rule 27-3(c)(ii).

This motion is being filed one day after Mitchell first received notice of the proposed August 26, 2020 execution date. Circuit Rule 27-3(c)(iii).

Counsel informed counsel for Respondent Assistant United States Attorney William Voit of this motion via email earlier in the day on July 30, 2020. Respondent opposes this motion. Counsel will be served via the Court's appellate CM/ECF system. Circuit Rule 27-3(c)(iv).

Mitchell did not initially seek relief in the district court. When Mitchell previously sought a stay of execution from the district court, the district court took the position that once Mitchell filed a notice of appeal, jurisdiction was transferred to this Court, and the district court did not have jurisdiction to consider a motion for stay of execution. D.E. 18-4. Mitchell now seeks an order enforcing the stay of execution that this Court previously granted. Given the district court's prior ruling, it would be futile to seek this relief in the district court. Circuit Rule 27-3(c)(v).

## PROCEDURAL HISTORY

On April 24, 2019, this Court granted Mitchell's motion for a certificate of appealability, and set a briefing schedule: Mitchell was to file his opening brief on August 28, 2019; the Government was to file its answering brief on September 27, 2019, and Mitchell was to file his reply on October 11, 2019. D.E. 10. On July 25, 2019—without any advance warning that the Government intended to resume federal executions after a 16-year hiatus—the Government announced that it intended to execute Mitchell on December 11, 2019.

Mitchell moved for a stay of execution in the sentencing court, but the district court for the District of Arizona held that it did not have jurisdiction to decide the issue once Mitchell's case was on appeal to this Court. D.E. 18-4. Mitchell then moved this Court for a stay of execution (D.E. 18), which the Government opposed (D.E. 20). In granting Mitchell's motion, this Court held that Mitchell was entitled to appeal the district court's denial of his Rule 60(b) motion and Mitchell's execution would be stayed "pending resolution of the appeal." D.E. 26.

The Court held oral argument in the case on December 13, 2019, and four months later issued its decision in *Mitchell v. United States*, 958 F.3d 775 (9th Cir. 2020). Mitchell timely filed a petition for rehearing en banc (D.E. 38), which the Court denied (D.E. 39). Mitchell then moved to stay the mandate such that he

could seek further review by the Supreme Court (D.E. 40), but the panel denied his request (D.E. 45). Mitchell promptly filed a petition for rehearing/rehearing en banc (D.E. 46) which is presently pending before the Court.

Despite the pending petition for rehearing/rehearing en banc, the Government announced on July 29, 2020 that it had set Mitchell's execution for August 26, 2020. The Government's arbitrary setting of this execution date violates this Court's previous stay order.

## ARGUMENT

### A. The Government's action in setting an execution date violates this Court's prior order enjoining Mitchell's execution.

In its opposition to Mitchell's motion for a stay of execution, the Government urged the Court to not issue a stay of execution, arguing that the Court would have plenty of time to consider, and deny, Mitchell's appeal in the two months after briefing was complete and before the scheduled execution date of December 11, 2019. D.E. 20 at 2. In granting Mitchell's motion, the Court's order was clear: no execution would be set until the appeal concluded. D.E. 26. In blatant disregard for the Court's Order, the Government has again scheduled Mitchell's execution before the Court has fully resolved the appeal. The Court should respond by striking the execution warrant and reiterating to the Government that no execution date may be set until this appeal is fully resolved and the mandate has issued.

**B. The Court should clarify that its prior order prohibits setting an execution date until this appeal is fully resolved.**

Courts that have issued injunctions have the authority to clarify their injunctions to preserve the appropriate balance of the equities. Indeed, courts have "wide discretion" to modify an injunction, which "often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *System Federation No. 91 v. Wright*, 364 U.S. 642, 647 (1961). Changed circumstances or new facts may warrant modification. *Id*.; *see also A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (same). Modification is also appropriate when necessary to "achieve the purposes" of the original injunction. *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 249 (1968). And a modification may be appropriate to ensure that the injunction "state[s] its terms specifically" and "describe[s] in reasonable detail … the act or acts restrained or required." Fed. R. Civ. P. 65(d).

This Court granted Mitchell a stay of execution such that his appeal could be resolved. Mitchell's appeal is not resolved, as a petition for rehearing is presently before the Court. The purpose of the stay of execution was to permit this appeal to resolve in the ordinary course without hastily deciding these complex issues to service an arbitrarily set execution date. That purpose remains unchanged. In response to the Government again setting an execution date, in order to continue to

serve these purposes, the Court should alter the injunction such that it clearly enjoins setting Mitchell's execution date until this appeal fully is resolved.

### C. Mitchell will suffer prejudice if the Court does not grant this motion.

Approximately two weeks ago, the Government executed three men at the federal prison at Terre Haute: Daniel Lee, Wesley Purkey, and Dustin Honken. The executions of Lee and Purkey were utterly chaotic. Although Lee's execution was scheduled for July 13, 2020 at 4:00 p.m., he was not pronounced dead until 8:07 a.m. the next morning after being strapped to the execution gurney for four hours. Purkey was scheduled to be executed on July 15, 2020 at 4:00 p.m., but was not pronounced dead until 8:19 a.m. the next morning. These executions were the result of the Government's attempt to cut corners and meet their own schedule instead of following court orders. Indeed, the Government apparently did not realize that the Eighth Circuit had not yet issued its mandate when they strapped Lee to the execution gurney. As a result, the Government had to request the extraordinary remedy that the Eighth Circuit issue its mandate in the middle of the night so they could proceed with Lee's execution without violating the Eighth Circuit's previously issued stay of execution. *United States v. Lee*, Eighth Circuit Case No. 19-3618. Should the Court grant this motion, the Court would be preventing such disorder in this case.

But the Government proposes to pursue Mitchell's execution under similar chaotic circumstances. The parties will continue to barrel towards the August 26 execution date without knowing whether that execution will proceed. And the Government's justification for such chaos? "[A] scheduled federal execution date cannot readily be moved in light of BOP contractor availability and other complex logistical considerations." D.E. 47 at 3. In support of this statement, the Government cites to an application filed in the Supreme Court which states that if the execution in question was delayed, it could not be rescheduled for at least *one* month. Application at 8, *Barr v. Lee*, No. 20A8 (U.S. July 14, 2020).[1] Thus the Government is urging the Court to promote chaos because it would, for reasons unknown, be more convenient for the government to execute Mitchell in August than it would be in September.

An additional reason to prevent the Government from setting an execution date while there is a valid stay of execution is the impact on clemency proceedings. According to the clemency rules, a request for a commutation should not be filed until a person's challenges to his convictions and sentences are resolved.[2] By

---

[1] Available at: https://www.supremecourt.gov/DocketPDF/20/20A8/147601/20200713150210915_barr%20v.%20lee.pdf

[2] Available at: https://www.justice.gov/pardon/file/960571/download

scheduling Mitchell's execution date while this case is still pending and a stay of execution remains in place, the Government is hampering Mitchell's ability to seek clemency. This is particularly important in this case because, as both Judge Christen and Judge Hurwitz acknowledged in their concurring opinions, "this case warrants careful consideration." *Mitchell*, 958 F.3d at 793 (Christen, J. concurring) and at 794 ("I respectfully suggest that the current Executive should take a fresh look at the wisdom of imposing the death penalty. … Although the judiciary today has done its job, I hope that the Executive will carefully consider whether the death penalty is appropriate in this unusual case.). Accordingly, the equities continue to tip in Mitchell's favor and the Court should modify the stay of execution such that Mitchell's appeal may resolve in the ordinary course and he can further pursue his remedies as is his right.

Finally, the Government's attempt to schedule this execution while the stay of execution is still active will prohibit Mitchell from seeking further relief in conjunction with his section 2255 proceedings. When Mitchell first sought a stay of execution in this case, the district court in Arizona found that it lacked jurisdiction over the case because jurisdiction had been transferred to this Court upon the filing of Mitchell's notice of appeal. D.E. 18-4. As such, until this appeal is fully resolved, the district court is powerless to entertain any additional post-judgment motions as they relate to the section 2255 proceedings. Indeed, the

Government's actions severely limit Mitchell's ability to litigate his case because he also will be unable to file a petition for writ of certiorari regarding the issues presented in his second petition for rehearing/rehearing en banc until, at the earliest, just 16 days before his schedule execution.

## CONCLUSION

For the foregoing reasons, the Court should strike the July 29, 2020 warrant and order the Government not to set a new execution date until such time as this appeal is fully resolved and the mandate has issued.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: July 30, 2020 By *\/s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
Deputy Federal Public Defender

Attorney for Petitioner-Appellant
Lezmond Charles Mitchell