CA No. 18-17031

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND CHARLES MITCHELL,<br>Petitioner-Appellant,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent-Appellee. | DC No. 3:09-cv-08089-DGC<br>**DEATH PENALTY CASE**<br>**Emergency Motion Under Circuit Rule 27-3(b)**<br>**Execution Set For: August 26, 2020 at Time: To Be Determined.** |

# APPELLANT'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE STAY OF EXECUTION

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge

CUAUHTEMOC ORTEGA
Interim Federal Public Defender
JONATHAN C. AMINOFF
CELESTE BACCHI
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310
Email: jonathan_aminoff@fd.org
Attorneys for Petitioner-Appellant
LEZMOND CHARLES MITCHELL

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................... 1

II. ARGUMENT ................................................................................. 1

A. A stay of execution generally enjoins the government from scheduling execution dates and making preparations for executions. ........................................................................... 1

B. If the Court does not agree with Mitchell's interpretation of the stay of execution, a clarification of the stay would be appropriate. ..... 3

C. Since Mitchell filed this motion, changed circumstances warrant the alternative relief of staying the mandate in the interests of justice. ................................................................................... 6

1. This Court has the authority to stay its mandate to further the interests of justice. ................................................................ 7

2. The Court should stay its mandate until Mitchell's clemency petition is decided. ..................................................... 8

III. CONCLUSION ............................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Barr v. Roane*,
140 S. Ct. 353 (2019) .......... 4, 5

*Cunningham v. David Special Commitment Center*,
158 F.3d 1035 (9th Cir. 1998) .......... 4

*Dretke v. Haley*,
541 U.S. 386 (2004) .......... 9

*Eddings v. Oklahoma*,
455 U.S. 104 (1982) .......... 8

*In re Fed. Bureau of Prisons' Execution Protocol Cases*,
955 F.3d 106 (D.C. Cir. 2020) .......... 5

*In Smith v. Armontrout*,
825 F.2d 182, 183 (8th Cir. 1987) .......... 2

*Gregg v. Georgia*,
428 U.S. 153 (1976) .......... 9

*Herrera v. Collins*,
506 U.S. 390 (1993) .......... 8

*Kansas v. Marsh*,
548 U.S. 163 (2006) .......... 8

*Mitchell v. United States*,
790 F.3d 881 (9th Cir. 2015) .......... 5, 9

*Mitchell v. United States*,
958 F.3d 775 (9th Cir. 2020) .......... 9

*Peterson v. Barr*,
965 F.3d 549 (7th Cir. 2020) .......... 6

*United States v. Bohn*,
959 F.2d 389 (2d Cir. 1992) .......... 8

## TABLE OF AUTHORITIES

**Page(s)**

*United States v. Figueroa*,
647 F.3d 466 (2nd Cir. 2011) ....................8

*United States v. Palladino*,
347 F.3d 29 (2d Cir. 2003) ....................8

*United States v. Velazquez*,
246 F.3d 204 (2d Cir. 2001) ....................8

*Wood v. Georgia*,
450 U.S. 261 (1981)....................8

**Docketed Cases**

*In re Fed. Bureau of Prisons' Execution Protocol Cases*,
D. D.C. Case No. 19-mc-145....................5

*Peterson v. Barr*,
S.D. IN Case No. 20-cv-350....................5

*Williams v. Wong*,
E.D. Cal. Case No. 09-cv-1068 ....................3

**Federal Statutes**

28 CFR § 1.10 ....................6

18 U.S.C. § 3599....................2

28 U.S.C. § 2106....................7, 8

28 U.S.C. § 2251....................2

Federal Rule of Appellate Procedure 41(b) ....................3, 7

# I. INTRODUCTION

This is a simple issue: this Court has stayed Mitchell's execution pending the resolution of this appeal, the appeal is not over, the Government cannot execute Mitchell, and the August 26, 2020 execution date should be vacated.

# II. ARGUMENT

## A. A stay of execution generally enjoins the government from scheduling execution dates and making preparations for executions.

Despite this Court's stay of execution, on July 29, 2020, the Government scheduled Mitchell's execution for August 26, 2020. After serving Mitchell with his execution notice, Bureau of Prisons ("BOP") officials moved Mitchell from his cell to a cell in a specified area of death row for inmates with execution dates. They provided Mitchell with a form where he could indicate his requests for his last meal and designate witnesses to observe his execution, and they applied increased security restrictions which impacted his movement.

The Government contends that because the stay does not explicitly state that the BOP cannot make preparations for, or schedule, Mitchell's execution, they are free to do so. D.E. 49 at 7-9. Taking their argument to its logical conclusion, the Government believes they can, consistent with the stay of execution, strap Mitchell to a gurney, insert catheters in his arms, and begin injecting him with pentobarbital provided they stop short of injecting a lethal dosage. Not surprisingly, the Government cites no case where a state or the federal government was permitted to

schedule, and make preparations for, an execution which overlapped with an existing stay of execution.

Courts have, however, rejected the Government's position. *In Smith v. Armontrout*, the district court issued a stay of execution "pending [its] determination of Petitioner's federal writ of habeas corpus." 825 F.2d 182, 183 (8th Cir. 1987). The state moved to vacate the stay, arguing that the petition should be dismissed, but the district court denied the motion. The state moved the Eighth Circuit to vacate the stay, but the circuit court denied the motion, and continued:

> Another matter deserves comment. On July 27, 1987, shortly after the respondent's motion to vacate the stay was received by this panel, the Clerk of this Court was informed that respondent had moved petitioner from his cell on death row to a special holding area, that preparations were being made for petitioner's execution, and that the state intended to carry out the sentence promptly at 12:01 a.m. on Tuesday, July 28, 1987, if the motion to vacate the stay should be granted. We emphatically disapprove of this practice while an order of court staying petitioner's execution is in full force and effect, and direct that it not recur. If petitioner's habeas petition is finally dismissed, and a stay of execution finally dissolved, respondent will be at liberty both to prepare to carry out the sentence, and actually to carry it out, in accordance with law. Until that time, the petitioner should not be subjected to the "preparations" that we have described.

*Id*. at 184.

Moreover, under 28 U.S.C. § 2251(a)(3), district courts have authority to stay executions for death-sentenced inmates who have applied for appointment of counsel under 18 U.S.C. § 3599. Courts routinely interpret § 2251(a)(3)'s authorization that a court "may stay execution of the sentence of death" as

including the authority to enjoin scheduling, and preparing for, an execution. *See, e.g., Williams v. Wong*, E.D. Cal. Case No. 09-cv-1068 at Dkt. No. 7.

Because the logical reading of the Court's order includes a prohibition against setting execution dates, and this interpretation is consistent with the relevant caselaw, the Government has violated the Court's stay and the August 26, 2020 execution date should be vacated.

### B. If the Court does not agree with Mitchell's interpretation of the stay of execution, a clarification of the stay would be appropriate.

This Court granted Mitchell a stay of execution such that this appeal could be resolved. This appeal is not resolved. There was nothing procedurally or substantively improper about Mitchell electing to file a second petition for rehearing/rehearing en banc; indeed, the Panel itself was split on the subject matter of the petition. D.E. 45. Therefore, the Court should clarify that the injunction enjoins the Government from scheduling Mitchell's execution. D.E. 48 at 7-8.

The Government, however, fixates on a line from the "background" section of Mitchell's petition (D.E. 49 at 5 and 11) which recites the procedural history of the case wherein Mitchell stated that following the denial of his motion to stay the mandate, the mandate was scheduled to issue on July 22, 2020. D.E. 46 at 4. However, once the second petition was filed, it unquestionably stayed issuance of the mandate in accordance with Federal Rule of Appellate Procedure 41(b).

Mitchell's statement is not a concession of anything other than the procedural history at the time he recited it.

The Government argues that Mitchell's motion to enforce the stay is actually a request to "expand" the injunction and that Mitchell presents a new claim for injunctive relief. Mitchell requests nothing of the sort. The Court merely needs to interpret its preexisting injunction, and no expansion is required. "Whether an order modifies an existing injunction rather than merely interprets it depends on whether it substantially alters the legal relations of the parties." *Cunningham v. David Special Commitment Center*, 158 F.3d 1035, 1037 (9th Cir. 1998). The Government does not argue that Mitchell's motion substantially alters the legal relations of the parties, nor could they, as Mitchell simply asks the Court to maintain the status quo until this appeal is fully resolved.

The Government continually cites to *Barr v. Roane*, 140 S. Ct. 353 (2019), for the proposition that this Court should hurriedly close this case. D.E. 49 at 13, 16. The Government's citations to *Roane* fail to note that the "appropriate dispatch" line does not come from the majority decision, it actually comes from Justice Alito's concurring statement which *supports* upholding the lower court's injunction. *Id*. at 535. And then, even considering the "appropriate dispatch" recommended by Justice Alito, the D.C. Circuit did not, in fact, expedite the appellate proceedings. Instead, the court allowed the appeal to proceed in the

ordinary course and issued its decision over four months later after full briefing and oral argument. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 109 (D.C. Cir. 2020). Moreover, the mandate did not issue until June 12, 2020, and only then, on June 15, 2020, did the Government schedule executions. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, D. D.C. Case No. 19-mc-145, Dkt. Nos. 98, 99. Accordingly, the Government's citation to *Roane*, and other associated cases, should not compel any action from this Court.

The Government argues that because unidentified victims' family members intend to witness Mitchell's execution, the Court should expedite its procedures. D.E. 49 at 14. However, several members of the victims' family also opposed this capital prosecution. *Mitchell II*, 790 F.3d at 894 (Reinhardt J. dissenting). Regardless, as Mitchell previously noted, the Government's arguments are disingenuous. D.E. 42 at 9 n.6. In *Peterson v. Barr*, S.D. IN Case No. 20-CV-350, victims' relatives sought to postpone the Daniel Lee's execution because they were unable to travel to Indiana to witness the execution due to the Covid-19 pandemic. There, the Government argued that the victims' family is outside the "zone of interests" protected by law, and the Government's interest in executing Lee trumps the victims' family's interest in participating. *Id.* at Dkt. 10. Although the district court stayed Lee's execution, the Government successfully appealed to the Seventh Circuit, ensuring that the victims' family would not be able to attend Lee's

execution. *Peterson v. Barr*, 965 F.3d 549 (7th Cir. 2020). These contradictory positions should not encourage any action by this Court.

### C. Since Mitchell filed this motion, changed circumstances warrant the alternative relief of staying the mandate in the interests of justice.

In his motion to enforce the stay of execution, Mitchell argued that the Government should be prevented from setting an execution date while the stay is in place because it could prevent Mitchell from having his clemency petition adjudicated. D.E. 48 at 9-10. When this Court first issued its stay of execution in October 2019, the Office of the Pardon Attorney (OPA) dismissed Mitchell's clemency petition subject to refiling after a new execution date was set. Given OPA's rules against adjudicating clemency petitions when the petitioner is involved in active litigation concerning his convictions or sentences, it was unclear whether OPA would accept Mitchell's clemency petition when the Government re-scheduled Mitchell's execution while litigation was still pending in this Court. 28 CFR § 1.10.

Nevertheless, because he was given less than 30 days' notice of his execution date, Mitchell filed a petition for executive clemency with OPA on July 31, 2020 (two days after he received notice of his execution date). OPA has confirmed that they are processing Mitchell's petition and will receive an oral presentation in support of clemency from undersigned counsel on August 11, 2020.

However, Mitchell has a good faith basis for believing that the Government's August 26, 2020 execution date will prevent OPA from issuing a final decision on Mitchell's petition. As detailed on their website, OPA's process is multi-faceted and lengthy, with multiple steps and review by numerous stakeholders, culminating in a final decision from the President.[1] Inmates who received execution warrants in July 2019 along with Mitchell all sought clemency in August 2019, gave oral presentations in support of clemency between September and October 2019, but had not received decisions by December 2019, when their executions were stayed. Thus, it is highly likely that Mitchell will not receive a decision on his clemency application in less than one month.

### 1. This Court has the authority to stay its mandate to further the interests of justice.

By its plain terms, Federal Rule of Appellate Procedure 41(b) grants Circuit Courts the authority to extend the time by which the court's mandate must issue.

28 U.S.C. § 2106 provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

[1] Available at: https://www.justice.gov/pardon/frequently-asked-questions

Pursuant to this authority, appellate courts have broad discretion to act in the interests of justice. *See, e.g, Eddings v. Oklahoma,* 455 U.S. 104 (1982) (considering a claim on the merits in the interests of justice although it was not raised below)*; Wood v. Georgia*, 450 U.S. 261, 265, n.5 (1981) (same).

Pursuant to § 2106, a circuit court may stay its mandate to "require such further proceedings to be had as may be just under the circumstances." *United States v. Figueroa*, 647 F.3d 466, 471 (2nd Cir. 2011). For example, if winning a criminal appeal could potentially subject a defendant to more prison time, circuit courts will frequently stay issuance of their mandates to allow counsel adequate time to confer with their clients and elect whether to withdraw the appeal. *See, e.g., id*.; *United States v. Palladino*, 347 F.3d 29, 35 (2d Cir. 2003); *United States v. Velazquez*, 246 F.3d 204, 217 (2d Cir. 2001); *United States v. Bohn*, 959 F.2d 389, 395 (2d Cir. 1992).

This Court has the authority to stay its mandate pending the outcome of Mitchell's clemency petition.

**2. The Court should stay its mandate until Mitchell's clemency petition is decided.**

"Executive clemency has provided the fail safe in our criminal justice system." *Herrera v. Collins*, 506 U.S. 390, 415 (1993). Indeed, a direct appeal, a section 2255 proceeding, and clemency "are part and parcel of the multiple assurances that are applied before a death sentence is carried out." *Kansas v.*

*Marsh*, 548 U.S. 163, 193 (2006) (Scalia, J., concurring). And the Supreme Court has referred to a system where acts of executive clemency are prohibited as being "totally alien to our notions of criminal justice." *Gregg v. Georgia*, 428 U.S. 153, 199 (1976)

A majority of this Panel concluded that this case warrants serious consideration for clemency. *Mitchell v. United States ("Mitchell III"),* 958 F.3d 775, 793 (9th Cir. 2020) (Christen, J. concurring) and 794 (Hurwitz, J. concurring). A third judge of this Court reached the same conclusion. *Mitchell v. United States* ("*Mitchell II*"), 790 F.3d 881, 897 (9th Cir. 2015) (Reinhardt, J. dissenting).

Part of the reason the Court has held that clemency would be appropriate in this case is because although the federal government could legally seek the death penalty against Mitchell, it should not have done so for reasons of tribal sovereignty. *Mitchell II*, 790 F.3d at 897 (Reinhardt J. dissenting); *Mitchell III*, 958 F.3d at 793 (Christen, J. concurring) and 794 (Hurwitz, J. concurring). Indeed, clemency exists, in part, to "correct injustices that the ordinary criminal process seems unable or unwilling to consider." *Dretke v. Haley*, 541 U.S. 386, 399 (2004) (Kennedy, j., dissenting).

Yet because of the Government's scheduling maneuvers, Mitchell finds himself in serious doubt of having his clemency petition decided. Mitchell has followed OPA's rules to the letter. He timely filed his first clemency petition in

August 2019, but that petition was dismissed, through no fault of his own, because the Government scheduled his execution while this appeal was proceeding and this Court rightly granted a stay. This time around, however, the Government has only provided Mitchell with 28 days' notice of his execution, virtually ensuring that OPA will be severely limited in its ability to adjudicate Mitchell's petition.

In the interests of justice, Mitchell respectfully requests that the Court does not issue its mandate until Mitchell's clemency petition is adjudicated.[2]

## III. CONCLUSION

For the foregoing reasons, the Court should vacate the August 26, 2020 execution date and affirm that the Government is enjoined from setting an execution date in this case until such time as the mandate issues.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: August 5, 2020

By *|s| Jonathan C. Aminoff*
JONATHAN C. AMINOFF
Deputy Federal Public Defender

Attorney for Petitioner-Appellant
Lezmond Charles Mitchell

---

[2] Due to rapidly changing circumstances, Mitchell has included this new form of relief in his reply. As a result, Mitchell does not oppose the Government's filing of a surreply, if needed, assuming a surreply is limited to the question of staying the mandate until Mitchell receives a decision on his clemency petition.