UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND C. MITCHELL,<br>AKA Lezmond Charles Mitchell,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Appellee. | C.A. No. 18-17031<br><br>D. Ct. No. 3:09-cv-08089-DGC<br>Criminal Case No. 3:01-cr-01062-DGC<br><br>**SUR-REPLY RE MOTION TO ENFORCE STAY OF EXECUTION AND TO STRIKE THE AUGUST 26, 2020 EXECUTION DATE**<br><br>**(Capital Case)**<br><br>**Ruling Requested by August 10, 2020** |

In a further attempt to extend his stay of execution even though his claim has been rejected, Mitchell has raised a new request, for the first time in his reply brief, that this Court withhold its mandate and maintain a judicial stay of execution "until Mitchell's clemency petition is adjudicated." (Dkt. 50 at 10.) This request is not only untimely, but meritless.

1. Mitchell's reply motion is inconsistent with Supreme Court precedent requiring both dispatch in capital cases and probable success on the merits in order to enjoin execution of a lawful sentence. (*See generally* Dkt. 41, 49.) Mitchell again ignores the *Winter* standard for injunctive relief (which he cannot meet), ignores the fact that he has lost on the merits, and cites no case maintaining a judicial injunction against an execution pending decision on a clemency application.

The unprecedented stay that Mitchell now requests would be particularly inappropriate because the current proceedings do not concern Mitchell's clemency application. Rather, they involve the district court's denial of his Rule 60(b) motion, an issue that has been fully and finally resolved against him here. (Dkt. 37, 39.) A court should not stay an execution for other proceedings to play out when the inmate has lost on the actual merits of his appeal. *See United States v. Purkey*, No. 20A4, 2020 WL 3988688 (U.S. July 15, 2020) (vacating stay of execution entered by panel after it rejected inmate's claims on the merits).

2. The premise of Mitchell's untimely argument—that he requires a stay for his clemency application to be processed—is without foundation. Mitchell admits that he filed a full clemency application after his execution was initially scheduled in 2019, and he filed a renewed clemency application after it was rescheduled in 2020. (Dkt. 50 at 6.) As Mitchell concedes, the Office of the Pardon Attorney "has confirmed that they are processing Mitchell's petition and will receive an oral presentation in support of clemency from [his] counsel on August 11, 2020." (Dkt. 50 at 6.) And as noted in the government's response brief, the Office of the Pardon Attorney has likewise confirmed to the U.S. Attorney's Office that it is processing Mitchell's application and that the rescheduling of his execution does not impede its preparing a recommendation. (Dkt. 49 at 16.) There is no basis for this Court to

speculate that the Office of the Pardon Attorney will fail to carry out its functions in a timely manner.

3. This Court has no authority to maintain a judicial injunction against execution "until Mitchell's clemency petition is decided." (Dkt. 50 at 8.) Clemency is an exclusively executive function, committed to the sole discretion of the President of the United States. U.S. Const. art. II, § 2, cl. 1. *See Harbison v. Bell*, 556 U.S. 180, 187 (2009) ("Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law."). The President has the power to grant, deny, or take no action on a request for clemency; a court cannot require the President to issue some sort of public "decision" on whether or not to grant clemency in order for a stay to lift so that a lawful sentence may be carried out. If the executive needed additional time to process Mitchell's application, then the executive could delay the execution for that purpose, but a court has no power to regulate such "exclusively executive" functions.

4. Lastly, this Court should entertain no more briefing on this matter. Since losing on the merits more than three months ago, Mitchell has filed (1) a first petition for rehearing and rehearing en banc, which was denied; (2) a motion to stay the mandate, which was also denied; (3) a second petition for rehearing and rehearing en banc focusing on the issuance of the mandate, the pendency of which is itself delaying the mandate's timely issuance; (4) a motion to vacate his rescheduled

execution date; and now (5) a belated request in a reply brief to enter a stay pending a decision regarding clemency. The parties are now far afield from arguing about the merits of the appeal. Courts are obligated to ensure that inmates do not inject "unjustified delay" into capital cases through the use of speculative, serial, and dilatory filings. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019). The interests of the United States, the public, the victims, and family members who have waited almost two decades require that these proceedings come to an end. The Court should deny the pending motion and issue the mandate without delay.

MICHAEL BAILEY
United States Attorney
District of Arizona

KRISSA M. LANHAM
Appellate Division Chief

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant U.S. Attorney